UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEFANO PICCIOTTO, JUDITH PICCIOTTO, MELITA PICCIOTTO, ATHENA PICCIOTTO, and FOREIGN CAR CENTER, INC., <br><br>  Plaintiffs, <br><br> v. <br><br> CONTINENTAL CAUSUALTY COMPANY, GREAT NORTHERN INSURANCE COMPANY, HARTFORD INSURANCE COMPANY and TWIN CITY FIRE INSURANCE COMPANY, <br><br>  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) DOCKET NO: 05-10901-DPW ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANT CONTINENTAL CASUALTY COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS OF DEFENDANT CONTINENTAL CASUALTY COMPANY PURSUANT TO RULE 12(b)(1)**

**Introduction**

The plaintiffs' complaint must be dismissed because there is not complete diversity between the plaintiffs and defendants and, thus, this court does not have jurisdiction over the subject matter. Notwithstanding plaintiffs' assertion to the contrary, they have not "cured the jurisdictional defects" by filing an Amended Complaint, because "28 U.S.C. § 1332(c) (1982 ed.) – [] provides that in a direct action *against* a liability insurer, the insurer shall be deemed a citizen of the same State as the insured for purposes

959513v1

of diversity jurisdiction." <u>Northbrook Nat'l Ins. Co. v. Brewer</u>, 493 U.S. 6, 7, 110 S. Ct. 297, 107 L. Ed. 2d 223 (1989) (emphasis in original).

### The Amended Complaint

The plaintiffs' stated basis of jurisdiction is diversity. (<u>See</u> Civil Cover Sheet, Exhibit A to Memorandum of Law in Support of Motion to Dismiss of Continental Casualty Company Pursuant to Rule 12(b)(1)). Paragraphs 1, 2, 10, 11 and 12 of the Amended Complaint state as follows:

1. Stefano Picciotto, Judith Picciotto, Melita Picciotto and Athena Picciotto (hereinafter sometimes "the Picciottos") are individuals who reside at 418 Lafayette Street, Salem, **Massachusetts**, 01970.

2. Foreign Car Center, Inc. (hereinafter "Foreign Car") is a Massachusetts corporation that formerly had its principal office at 55 Walnut Street, Peabody, **Massachusetts**.

10. Dana E. Casher of 4 Fawn Circle, Randolph, **Massachusetts** (hereinafter "Casher"), an attorney licensed to practice law in Massachusetts, was an employee of Krulewich and Associates and Krulewich, Casher in 1998 and thereafter.

11. In 1998, Continental issued a professional **liability policy** to Krulewich and Associates.

12. In 1999, Continental issued a professional **liability policy** to Krulewich, Casher.

(Emphasis added). The basis of jurisdiction of the plaintiffs' Amended Complaint is diversity. The plaintiffs have not joined Attorney Casher as a party-defendant, but have sued Attorney Casher's professional liability insurer, Continental. Importantly, while the plaintiffs are all residents or principally operated in Massachusetts, pursuant to 28 U.S.C. § 1332(c), Continental is also deemed a Massachusetts citizen for purposes of diversity jurisdiction. Because there is not complete diversity in this matter, this court does not have jurisdiction over the subject matter and the plaintiffs' complaint must be dismissed.

959513v1

**Argument**

**There Cannot Be Complete Diversity Because Continental Is Deemed a Citizen of Massachusetts Pursuant to 28 U.S.C. § 1332(c)(1)**

The United States Supreme Court has expressly interpreted, "28 U.S.C. § 1332(c) (1982 ed.) – [] provides that in a direct action *against* a liability insurer, the insurer shall be deemed a citizen of the same State as the insured for purposes of diversity jurisdiction." Northbrook, 493 U.S. at 7 (emphasis in original).[1]

"It is clear that section 1332(c) restricts jurisdiction. *Its provision for multiple citizenship of the insurer was designed to restrict diversity jurisdiction. . .*" Torres v. Hartford Ins. Co., 588 F.2d 848, 850 (1st Cir. 1978) (affirming District Court dismissal of complaint against insurer for lack of diversity pursuant to 28 U.S.C. § 1332(c)) (internal citation omitted) (emphasis added).

"The advantages of having a large insurance carrier as a named defendant are obvious, but once the choice is made, the consequences cannot be avoided." Torres, 588 F.2d at 850 (affirming dismissal pursuant to 28 U.S.C. § 1332(c)).

Thus, 28 U.S.C. § 1332(c), designed to restrict diversity jurisdiction, precludes the plaintiffs from invoking diversity jurisdiction of the Federal courts where, as here, they, as Massachusetts citizens, have brought a direct action against the liability insurer of a Massachusetts insured. See Northbrook, 493 U.S. at 7; Torres, 588 F.2d at 850; White, 356 F.2d at 747.

---

[1] 28 U.S.C. § 1332(c)(1) provides: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business".

## Conclusion

Wherefore, Continental Casualty Company respectfully requests this Honorable court grant leave to reply to Plaintiff's Opposition and dismiss the plaintiffs' complaint pursuant to Rule 12(b)(1) for lack jurisdiction over the subject matter arising from lack of complete diversity as a result of 28 U.S.C. § 1332(c).

    Respectfully submitted,
Continental Casualty Company

By its attorneys,

MORRISON MAHONEY LLP


/s/ Scott Douglas Burke
_____
Scott Douglas Burke~BBO No. 551255
Michael H. Hayden~BBO No. 660746
250 Summer Street
Boston, MA 02210
(617) 439-7500