UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEFANO PICCIOTTO, JUDITH PICCIOTTO, MELITA PICCIOTTO, ATHENA PICCIOTTO, and FOREIGN CENTER, INC.,<br>Plaintiffs<br>v.<br>CONTINENTAL CASUALTY COMPANY, GREAT NORTHERN INSURANCE COMPANY, HARTFORD INSURANCE COMPANY and TWIN CITY FIRE INSURANCE COMPANY,<br>Defendants | C.A. No. 05-10901 DPW |

**MOTION TO STRIKE EXHIBITS A THORUGH D
ATTACHED TO DEFENDANT CONTINENTAL CAUSALTY COMPANY'S
MEMEORANDUM OF LAW IN SUPPORT OF MOTION
FOR LEAVE TO REPLY TO PLAINTIFFS' RESPONSE TO
MOTION TO DISMISS OF DEFENDANT
CONTINENTAL CASUALTY COMPANY PURSUANT TO RULE 12(b)(1)**

Now comes the plaintiff Stefano Picciotto ("plaintiff") and hereby moves this Honorable Court to strike exhibits A through D attached to Defendant Continental Casualty Company's Memorandum of Law in Support of Motion for Leave to Reply to Plaintiff's Response to Motion to Dismiss of Defendant Continental Casualty Company Pursuant to Rule 12(b)(1). As grounds thereof, the plaintiff states that the exhibits are impertinent, scandalous, and immaterial, and intended solely to mislead and unfairly prejudice this Court. "Immaterial" matter "has no essential or important relationship to

the claim for relief or the defenses being pleaded"; "impertinent" matter "consists of any allegation not responsive nor relevant involved in the action and which could not be put in issue or be given in evidence between the parties"; and "scandalous" matter "improperly casts a derogatory light" on a party.; *Gilbert v. Eli Lilly Co., Inc.*, 56 F.R.D. 116, 120 (D. Puerto Rico 1972).

None of the attached exhibits are referenced in any way in the pleading Continental Casualty Company ("Continental") filed with the Court. That is because the exhibits are totally immaterial and irrelevant to the pleading. The exhibits are obviously intended to improperly cast a derogatory light on the plaintiff, and unfairly prejudice this Court. Continental intentionally omitted attaching as an exhibit the ruling of the First Circuit Court of Appeals dated September 7, 2001, which <u>vacated</u> the judgments of the District Court (Gertner, J.) (see Exhibit 1 hereto).

Moreover, this Court is respectfully requested to take judicial notice that pursuant to Rule 11 of the Fed. R. Civ. P., the attorneys for Continental had a duty to brief for the Court the existing law, as outlined in Plaintiff's Memorandum and Response to the Motion of Defendant Continental Casualty Company for Leave to Reply to Plaintiffs' Response to the Motion of Said Defendant to Dismiss Pursuant to Rule 121(b)(1). Their failure to brief the existing law in a manner that fully informed the Court of the state of law was yet another attempt to deliberately mislead this Court.

WHEREFORE, the plaintiff respectfully moves this Honorable Court to strike exhibits A through D attached to Defendant Continental Casualty Company's Memorandum of Law in Support of Motion for Leave to Reply to Plaintiff's Response to

Motion to Dismiss of Defendant Continental Casualty Company Pursuant to Rule 12(b)(1), and to grant any other relief this Court deems just and appropriate.

Respectfully submitted,

STEFANO PICCIOTTO<br>
Pro Se<br>
<br>
_____<br>
Stefano Picciotto<br>
418 Lafayette Street<br>
Salem, MA 01970<br>
(978) 741-0218

CERTIFICATE OF SERVICE

I, Stefano Picciotto, hereby certify that on this day I served the foregoing document by sending a copy thereof by first class mail, postage prepaid, or in hand to all attorneys and pro se parties of record.

Signed this ____ day of September 2005.

_____
Stefano Picciotto

3



Case 1:05-cv-10901-NG    Document 16    Filed 09/06/2005    Page 4 of 6

MANDATE

# United States Court of Appeals
## For the First Circuit

No. 01-1277

STEFANO PICCIOTTO, ET AL.,

Plaintiffs, Appellants,

v.

JEFFREY A. SCHREIBER; SCHREIBER & ASSOCIATES, P.C.;
RICH INTERNATIONAL, INC.,

Defendants, Appellees.

No. 01-1278

STEFANO PICCIOTTO; JUDITH PICCIOTTO; MELITA PICCIOTTO,

Plaintiffs, Appellants

v.

ALBERT P. ZABIN, ET AL.,

Defendants, Appellees.

Before
Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

JUDGMENT
Entered: September 7, 2001

We have reviewed the records and briefs in these appeals. Given the overlap between the issues raised in these suits and those which are presently pending in Zabin v. Picciotto, No. 99-1594A (Suffolk County Superior Court), we share the district court's concern that any further action in the federal lawsuits at this time would waste the time and resources of all concerned. Indeed, we believe that the factors and balancing test summarized in Elmendorf Grafica, Inc. v. D.S. America (East), Inc., 48 F.3d 46, 50 (1st Cir. 1995) (discussing the abstention doctrine first outlined in Colorado River Conserv. Dist. v. United States, 424

U.S. 800, 818-20 (1976), militate so strongly in favor of staying these proceedings until the state court action is concluded that abstention is required as a matter of law, see Cruz v. Melecio, 204 F.3d 14, 22-25 & n. 7 (1st Cir. 2000); Lundborg v. Phoenix Leasing, Inc., 91 F.3d 265, 272-74 (1st Cir. 1996).

We therefore vacate the judgments and remand with instructions that these cases be stayed pending final resolution of the state court litigation. As the district court has not yet finalized its sanctions orders, we express no opinion on the appropriateness of sanctions in these cases.

So ordered.

By the Court:

JANICE M. O'NEIL

Janice O'Neil, Acting Clerk.

Certified Copies: Judge Nancy Gertner
Tony Anastas - Clerk of Court

CC: Stefano Picciotto
Judith Picciotto
Melita Picciotto
Michael J. Stone, Esq.
Steven A. Baddour, Esq.
Richard W. Renehan, Esq.
Lisa Ann Yee, Esq.
Alexander G Gray.