UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| STEFANO PICCIOTTO, JUDITH PICCIOTTO, MELITA PICCIOTTO, ATHENA PICCIOTTO, and FOREIGN CENTER, INC.,<br>　　　　　Plaintiffs<br>　　v.<br>CONTINENTAL CASUALTY COMPANY, GREAT NORTHERN INSURANCE COMPANY, HARTFORD INSURANCE COMPANY and TWIN CITY FIRE INSURANCE COMPANY,<br>　　　　　Defendants | C.A. No. 05 10901 DPW |

**PLAINTIFFS' MEMORANDUM IN RESPONSE TO THE MOTION OF DEFENDANT CONTINENTAL CASUALTY COMPANY FOR LEAVE TO REPLY TO PLAINTIFFS' RESPONSE TO THE MOTION OF SAID DEFENDANT TO DISMISS PURSUANT TO RULE 12(b)(1)**

I.　　NATURE OF CLAIM

　　In their amended complaint, plaintiffs Stefano Picciotto, Judith Picciotto, Melita Picciotto, Athena Picciotto and Foreign Car Center, Inc. ("plaintiffs") have alleged that defendants Continental Casualty Company ("Continental"), Great Northern Insurance Company ("Great Northern"), Hartford Insurance Company ("Hartford") and Twin City Fire Insurance Company ("Twin City"), all of which are incorporated and headquartered in states other than Massachusetts, have caused plaintiffs harm through tortious actions or unfair or deceptive acts or practices directly engaged in by said defendants.

　　Plaintiffs have alleged that Continental, Great Northern, Hartford and Twin City:

(1)   Engaged in a civil conspiracy against plaintiffs (*see* Counts One, Six, Eleven and Sixteen);

(2)   Interfered with contractual relationships between plaintiffs and others (*see* Counts Two, Seven, Twelve and Seventeen);

(3)   Are liable to plaintiffs for negligence (*see* Counts Three, Eight, Thirteen and Eighteen);

(4)   Are liable to plaintiffs for fraud or deceit (*see* Counts Four, Nine, Fourteen and Nineteen); and

(5)   Engaged in one or more unfair and deceptive acts and practices in the business of insurance in violation of the provisions of Mass. G. L. c. 176D and Mass. G. L. c. 93A (*see* Counts Five, Ten, Fifteen and Twenty).

II.   PROCEDURAL HISTORY

On May 2, 2005, plaintiffs filed their original complaint in this action. In that complaint, plaintiffs named as defendants Continental, Great Northern, Neurological Referral Center, Inc. and Roberta F. White.

On August 4, 2005, Continental filed a motion to dismiss the original complaint under Fed. R. Civ. P. 12(b)(1). Continental asserted that the Court did not have jurisdiction over the subject matter of the complaint because plaintiffs are Massachusetts residents, and (a) said Roberta F. White is a Massachusetts resident, and (b) said Neurological Referral Center, Inc. is a Massachusetts corporation.

On August 18, 2005, plaintiffs filed their amended complaint in which said Roberta F. White and said Neurological Referral Center, Inc. were not named as

defendants (and Hartford and Twin City, both Connecticut corporations, were added as defendants).

On August 19, 2005, plaintiffs filed a response to said motion to dismiss stating that said motion had been rendered moot by the filing of the amended complaint.

On August 25, 2005, Continental filed a motion entitled "Defendant Continental Casualty Company's Motion For Leave To Reply To Plaintiffs' Response To Motion To Dismiss Of Defendant Continental Casualty Company Pursuant To Rule 12(b)(1)."[1] Although characterized as a request for leave to respond to plaintiffs' response to Continental's motion to dismiss, the motion appears to be, at least in effect, a motion to dismiss the amended complaint.[2] Plaintiffs are responding to said motion as if it is such a motion to dismiss.

III.   ARGUMENT

   A.   The Motion To Dismiss The Original Complaint Now Is Moot.

Continental filed its motion to dismiss under Fed. R. Civ. 12(b)(1) on the grounds that, since plaintiffs and Neurological Referral Center, Inc. and Roberta F. White all are residents of or incorporated in Massachusetts, there was not the requisite diversity that would allow the Court to have jurisdiction over the subject matter of the action. Plaintiffs amended complaint discontinued claims against said Neurological Referral Center, Inc. and said Roberta F. White; and all of the current defendants are corporations organized

---

[1] Continental also filed a memorandum in support of said motion, which shall be referred to hereinafter as "Continental's Memorandum."
[2] Continental has contended in its said motion that "plaintiffs have not 'cured the jurisdictional defects' as alleged in Plaintiffs' Response."

and headquartered in states other than Massachusetts, so plaintiffs thereby removed the basis for said motion.

Plaintiffs were entitled so to amend their complaint because, under the provisions of Fed. R. Civ. P. 15(a), a party is allowed to amend his pleading once as a matter of course at any time before a responsive pleading has been served. Since a motion is not a pleading (*see* Fed. R. Civ. P. 7(a)), a motion to dismiss is not a responsive pleading. *See Maldonado v. Dominquez*, 137 F.3d 1, 11, n.8 (1st Cir. 1998), and *Bowden v. U.S.*, 176 F.3d 552, 555 (D.D.C. Cir. 1999).

Therefore, plaintiffs' filing of the amended complaint rendered moot Continental's motion to dismiss.

B. The Court Has Jurisdiction Over The Subject Matter Of The Amended Complaint Because There Truly Is Diversity Between Plaintiffs And The Defendants.

Continental has contended that there still is not diversity between plaintiffs and all of the defendants. As grounds for this contention, Continental has cited 28 U.S.C. § 1332(c), which provides that, in a direct action against a liability insurer, such insurer shall be deemed a citizen of the same State as its insured for purposes of diversity jurisdiction.[3] *See* Continental's motion. However, in making such contention, Continental has mischaracterized the well-established interpretation of "direct action"

---

[3] Plaintiffs have alleged in the amended complaint that Continental is the insurer of a Massachusetts attorney by the name of Dana E. Casher. *See* paragraphs 11-15 of the amended complaint. Continental, through its attorney, has denied in a conversation with one of plaintiffs that it has any insurance coverage obligation to said Dana E. Casher, including any obligation to afford her a defense with respect to any claims made against her. Nonetheless, Continental is attempting to have the amended complaint dismissed by reason of its being the insurer of said Dana E. Casher. ("The plaintiffs . . . have sued Attorney Casher's professional liability insurer, Continental." *See* Continental's Memorandum at 2.)

4

and has undertaken to conceal from the Court cases that have discussed the correct interpretation thereof.

Said 28 U.S.C. § 1332(c) provides in pertinent part as follows:

> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business . . . .

Continental has claimed that, under said statute, it must be deemed a Massachusetts citizen (which would defeat diversity jurisdiction) because this action is a direct action against it as described in said statute. *See* Continental's Memorandum at 1-3. In support of its claim, Continental has cited the cases of *Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 110 S.Ct. 297, 107 L.Ed. 2d 233 (1989); and *Torres v. Hartford Ins. Co.*, 588 F.2d 848 (1st Cir. 1978). However, said cases are inapposite to the facts of this case. Furthermore, there are numerous cases that are favorable to the viability of this action as to which Continental has elected not to inform the Court, presumably because they would show that Continental's motion is without merit. Continental has thereby failed to fulfill its responsibility to the Court to inform the Court of all cases that are relevant to its contention that its motion to dismiss should be allowed.

In said *Northbrook* case, the Supreme Court held that 28 U.S.C. § 1332(c) (which specifies that it applies where a direct action is filed against a liability insurer) does not apply where an action is filed by an insurer against an employee of such insurer. *See* 493 U.S. at 9. ("The language of the proviso could not be more clear. It applies only to

5

actions *against* insurers; it does not mention actions *by* insurers.") (Emphasis in original).  It is hard to understand how Continental could have believed that the holding in the *Northbrook* case applied to the facts of this action.

In said *Torres* case, the court held that 28 U.S.C. § 1332(c) applied to the facts therein because the case involved a direct action by residents of Puerto Rico against an insurance company seeking recovery for injuries that they had sustained in an automobile accident allegedly as a result of negligence of a driver insured by such company. *See* 588 F.2d at 849-850.[4]  That is not a comparable situation to the situation in this action. Plaintiffs are not seeking to recover against Continental and the other defendant insurance companies for tortious actions of the insureds of such defendants; they are seeking to recover against such defendants for the wrongful actions of such defendants themselves.

Again, it is hard to understand how Continental could have believed that the holding in the *Torres* case is applicable to the facts in this case.

In the case of *White v. United States Fidelity and Guaranty Co.*, 356 F.2d 746 (1st Cir. 1966), the court referred to the legislative history of 28 U.S.C. § 1332(c), which the court stated "shows exactly what Congress intended." *Id.* at 747. As described by the court in the *White* case, the Senate report that accompanied the statute stated that:

> The purpose of the proposed legislation is to amend section 1332(c) of title 28, United States Code, so as to eliminate under the diversity jurisdiction of the U.S. district courts, suits on certain tort claims in which both parties are local residents, but which, under a State "direct action" statute, may be brought directly against a foreign insurance carrier

---

[4] Puerto Rico is one of the jurisdictions that permit suits directly against an insurance company without joining the named insured or the alleged tortfeasor. *See* 588 F.2d at 849. It was to deal with the increase in suits caused by state statutes allowing such a "direct action" that caused Congress to enact the current version of 28 U.S.C. Sec. 1332(c). *See White v. United States Fidelity and Guaranty Co.*, 356 F.2d 746, 747 (1st Cir. 1966); *Torres v. Hartford Ins. Co.*, *supra*, at 849-850; and *Northbrook Nat'l Ins. Co. v. Brewer*, *supra*, at 9-10.

> without joining the local tort-feasor as a defendant.

*Id.*

The court in *White* went on to state that:

> The report then makes clear that the words "direct action" were used to refer to statutes such as those in Louisiana and Wisconsin which allow a party injured by the negligence of an insured to pursue his right of action against the insurer alone.

356 F.2d at 747-748. *See also Torres v. Hartford Ins. Co., supra,* at 849-850; *Northbrook National Ins. Co. v. Brewer, supra,* at 9-10; and *Valez v. Crown Life Ins. Co.,* 599 F.2d 471, 473 (1st Cir. 1979).

Continental cited said *Torres* case in support of its motion despite the fact that said case, like the *White* case, held that said statute was enacted in order to address circumstances created by statutes such as are in effect in Louisiana and Wisconsin that allow one to sue an insurer of a tortfeasor directly without suing the tortfeasor. That is not the circumstance with respect to this action; indeed, Massachusetts has no such statute.

Said statute (28 U.S.C. § 1332(c)) was not intended to apply in a situation where a party has sued an insurer for its own alleged wrongful acts, in contrast to a situation where a party has sued an insurer seeking recovery for the wrongful acts of its insured. In this case, plaintiffs have so sued Continental and other insurance companies for their own wrongful acts, not those of their insureds; and, therefore, said statute does not here apply.

As is stated in 15 *Moore's Federal Practice,* § 102.58 (Matthew Bender 3d. ed.) with respect to 28 U.S.C. § 1332(c):

> The phrase "direct action" is a term of art; neither the statute nor the cases interpreting it support the view that it includes every action in which an insurance company is a party. [Footnote omitted] The statute will not defeat diversity jurisdiction unless there is a claim held by a third party against an insured (for example, for intentional tort, fraud or negligence) that is identical to the one asserted against the insurance company as within the zone of primary liability for which the company issued the policy. [Footnote omitted] In other words, the proviso is applicable only if the insurer stands in the shoes of its legally responsible insured, who would traditionally be a defendant; it does not affect suits against the insurer based on its independent wrongs. [Footnote omitted] The statute is limited to situations in which the insurer's status is that of a payor of a judgment based on the negligence of its insureds.

In the case of *Gruening v. Sucic*, 502 F.Supp. 719 (E.D. PA 1980), where State Farm Mutual Insurance Company was a defendant and had sought to dismiss the action under Fed. R. Civ. P. 12(b)(1) by reason of 28 U.S.C. § 1332(c), the court held as follows:

> In order to recover against State Farm on Count II, plaintiff must demonstrate that State Farm breached a legal duty owing to him. State Farm's potential liability does not exclusively derive from-and arise out of-the liability of its insureds. Rather, State Farm's potential liability results from its alleged malicious breach of its contract with plaintiff. I therefore hold that s 1332(b) does not apply because the present action is not a "direct action" within the meaning of the statute. "[T]he insurance company defendant (is) the one who (is) allegedly liable for failing to meet its obligations under the insurance contract with the (plaintiff and) not, as under the statute, merely the payor of a judgment based on the negligence of one of its insureds." *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 473 (1st Cir. 1979). Thus, "(u)nless the suit against the insurance company is of such a nature that liability sought to be imposed could be imposed against the insured, this action is not a 'direct action' in the sense used in the proviso of s 1332(c)." *Lank v. Federal Ins. Co.*, 309 F.Supp. 349, 351 (D. Del. 1970). See also *O'Hanlon v. Hartford Accident*

> *and Indem. Co.*, 439 F.Supp. 377, 380 (D.Del. 1977)
> (following *Lank*); *Irvin v. Allstate Ins. Co.*, 436 F.Supp 575,
> 577 (W.D. Okl. 1977)(s 1332(c) limited to situations in
> which the injured party sues a tortfeasor's liability insurer
> to recover for his personal injuries); *Bourget v. Government
> Employees Ins. Co.*, 313 F.Supp. 367, 370-71 (D.Conn. 1970),
> rev'd on other grounds, 456 F.2d 282 (2d Cir. 1972); *Walker v.
> Firemans Fund Ins. Co.*, 260 F.Supp. 95, 96 D.Mont. 1966).
>
> The cases cited by State Farm are inapposite. *See Torres
> v. Hartford Ins. Co.*, 588 F.2d 848 (1st Cit. 1978) . . . .[5]

502 F.Supp. at 720.

In the case of *Weast v. Travelers Casualty and Surety Co.*, 7 F.Supp.2d 1129 (D. Nev. 1998), the court stated that:

> Given Congress' purpose in enacting section 1332(c)(1),
> courts have uniformly determined that a direct action exists
> only where a third-party tort victim forgoes suing the
> tortfeasor in favor of instead suing the tortfeasor's
> liability insurer directly. *Beckham [v. Safeco Ins. Co.]*, 691
> F.2d [898 (9th Cir. 1982)] at 901-02; *see also Vargas v.
> California State Auto Assoc.*, 788 F.Supp. 462, 463
> (D. Nev. 1992). Thus, "unless the cause of action urged
> against the insurance company is of such a nature that the
> liability sought to be imposed could be imposed against the
> insured, the action is not a direct action." *Beckham*, 691
> F.2d at 902; *see also Walker v. Firemans Fund Ins. Co.*, 260
> F.Supp. 95, 96 (D. Mont. 1966). Other courts have reached
> the same conclusion. *See Myers v. State Farm Ins. Co.*, 842
> F.2d 705, 707 (3rd Cir. 1988); *Bowers v. Continental Ins. Co.*,
> 753 F.2d 1574, 1576 (11th Cir. 1985); *Velez v. Crown Life Ins.
> Co.*, 599 F.2d 471, 473 (1st Cir. 1979).
>
> Plaintiffs' breach of contract, detrimental reliance and breach
> of implied covenant of good faith claims all arise out of
> Travelers' unfair settlement practices, not in response to the
> tortious conduct of Beckwith. Travelers' settlement practices,
> not Beckwith's practices, were allegedly in bad faith. Also,
> Travelers allegedly breached its contract with Beckwith
> resulting in detrimental reliance. Therefore, Plaintiffs could

---

[5] Hence the *Gruening* case confirmed that the *Torres* case, which was cited by Continental in support of its motion, is inapposite in a case such as this where a claimant seeks to have an insurer held liable for its own conduct for which a person insured by such insurer could not be held liable.

> not assert those claims against the insured. As a result, Plaintiffs' bad faith claims are not direct actions. *Beckham*, 691 F.2d at 901.
>
> Plaintiffs also claim that Travelers violated Nevada's Unfair Practices Act. Nev.Rev.Stat. § 686A.310 (1997). This type of claim cannot be asserted against Beckwith because it also concerns Travelers' own practices, not those of its insured. . . .

7 F.Supp.2d at 1132.

Other cases that hold that 28 U.S.C. § 1332(c) does not apply in circumstances such as exist in this action are *Saylab v. Harford Mut. Ins. Co.*, 271 F.Supp.2d 112 (D.D.C. 2003);[6] *Corn v. Precision Contracting, Inc.*, 226 F.Supp.2d 780 (W.D.N.C. 2002);[7] *Gonzalez v. Government Employees Ins. Group*, 2000 WL 235236(E.D. La);[8] *Searles v. Cincinnati Ins. Co.*, 998 F.2d 728 (9th Cir. 1993);[9] *Rosa v. Allstate Ins. Co.*, 981 F.2d 669 (2nd Cir. 1992);[10] *Vargas v. California State Automobile Ass'n*, 788 F.Supp. 462 (D. Nev. 1992;[11] *Myers v. State Farm Ins. Co.*, 842 F.2d 705 (3rd Cir. 1988); [12]

---

[6] "Under Sec. 1332(c)(1), a 'direct action' against an insurance company is a lawsuit for payment to remedy the liability of the insured. *See Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 901-902 (9th Cir. 1982). . . . The purpose of Sec. 1332(c)(1) was to remove from the federal docket cases 'in which both the injured party and the tortfeasor are local residents, but which, under state 'direct action' statutes, are brought against the tortfeasor's foreign insurance carrier without joining the tortfeasor as a defendant.' *Id.*" 271 F.Supp.2d at 116.

[7] "[A] 'direct action' is a tort claim in which the insurer essentially stands in the shoes of its legally responsible insured . . . .'" 226 F.Supp.2d at 783, quoting *Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 677 (2nd Cir. 1992). "This is in contrast to cases in which the injured party 'seeks to hold the insurer responsible for breaching the terms of its insurance policy or for its independent tortious acts.'" 227 F.Supp. at 783, quoting again *Rosa, supra*, at 677.

[8] "[A]n action against an insurance company is only a 'direct action' under Sec. 1332(c)(1) if 'the liability sought to be imposed against the insurer could be imposed against the insured.'" (quoting *Tuck v. United States Services Auto, Ass'n*, 859 F.2d 842, 847 (10th Cir. 1988), and *Beckham v. Safeco Ins. Co.*, 691 F.2d 898, 902 (9th Cir. 1982)). (Case not reported in F.Supp.2d.)

[9] (Section 1332(c)(1) does not preclude diversity jurisdiction where one sues an insurer for its alleged bad faith.)

[10] *See* footnote 7, *supra*.

[11] "[The direct action exception of 28 U.S.C. § 1332(c)1)] that destroys diversity exists only where a third-party tort victim forgoes suing the tortfeasor in favor of instead suing the tortfeasor's liability insurer directly. This is the universal rule." 788 F.Supp. at 463.

[12] "'[U]nless the cause of action against the insurance company is of such a nature that the liability sought to be imposed would be against the insured, the action is not a direct action.'" 842 F.2d at 707, quoting *Forston v. St. Paul Fire & Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir. 1985).

*Forston v. St. Paul Fire & Marine Ins. Co.*, 751 F.2d 1157 (11th Cir. 1885);[13] *Shiffler v. Equitable Life Assur. Soc. of U.S.*, 838 F.2d 78, 82 (3rd Cir. 1988);[14] and *Irvin v. Allstate Ins. Co.*, 436 F.Supp. 575 (W.D. Okla. 1977).[15]

There is no support for Continental's contention that 28 U.S.C. 1332(c)(1) here applies so as to defeat diversity jurisdiction

IV.   CONCLUSION

For the reasons stated above, Continental's motion to dismiss should be denied.

STEFANO PICCIOTTO
Pro Se

_____
Stefano Picciotto
418 Lafayette Street
Salem, MA 01970
(978) 741-0218


JUDITH PICCIOTTO
Pro Se

_____
418 Lafayette Street
Salem, MA 01970
(978) 741-0218

---

[13] *See* footnote 12, *supra*.

[14] "It seems obvious that 28 U.S.C. S 1332(c) is intended to be applicable in situations in which traditionally an insured would be a defendant but because of a modification of tort law or for some other reason the insurer is the defendant in its place. Thus 28 U.S.C. § 1332(c) is not applicable here." 838 F.2d at 82, n.5.

[15] "Courts which have construed § 1332(c) have uniformly held that Congress intended to word 'direct' to limit the word 'action' so that its impact is narrowed to those situations in which an injured party is permitted to sue, directly and without joinder of the tortfeasor, the tortfeasor's liability insurer without first obtaining a judgment against the tortfeasor himself." 436 F.Supp. at 577.

MELITA PICCIOTTO and
ATHENA PICCIOTTO

By their attorney,

*/s/ Danielle deBenedictis*
Danielle deBenedictis
BBO No. 117440
deBenedictis, Miller & Blum, P.A.
67 Commercial Wharf
Boston, MA 02110
(617) 367-8585


FOREIGN CAR CENTER, INC.

By its attorney,

_____
James M. Shannon, Jr.
BBO No. 453610
418 Rear Lafayette Street
Salem, MA 01970
(978) 741-0218


Dated: September 6, 2005.


CERTIFICATE OF SERVICE

I, Stefano Picciotto, hereby certify that on this day I served the foregoing document by sending a copy thereof by first class mail, postage prepaid, or in hand to all attorneys and pro se parties of record.

Signed this ___6___ day of September 2005.

_____
Stefano Picciotto