UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEFANO PICCIOTTO, JUDITH PICCIOTTO, MELITA PICCIOTTO, ATHENA PICCIOTTO, and FOREIGN CAR CENTER, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CONTINENTAL CAUSUALTY COMPANY, GREAT NORTHERN INSURANCE COMPANY, HARTFORD INSURANCE COMPANY and TWIN CITY FIRE INSURANCE COMPANY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   DOCKET NO: 05-10901-DPW |

**OPPOSITION OF DEFENDANT, CONTINENTAL CASUALTY COMPANY, TO PLAINTIFFS' MOTION TO STRIKE EXHIBITS A THROUGH D ATTACHED TO DEFENDANT CONTINENTAL CASUALTY COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS OF DEFENDANT CONTINENTAL CASUALTY COMPANY PURSUANT TO RULE 12(b)(1)**

Now Comes the defendant, Continental Casualty Company (hereinafter "Continental"), and, hereby, opposes Plaintiffs' Motion to Strike Exhibits A Through D Attached to Defendant Continental Casualty Company's Memorandum of Law in Support of Motion For Leave to Reply to Plaintiffs' Response to Motion to Dismiss of Defendant Continental Casualty Company Pursuant to Rule 12(b)(1) (hereinafter "Plaintiffs' Motion to Strike"). As grounds therefor, Continental states the following:

962759v1

I.    **The Memorandum Cited By the Plaintiffs Does Not Contain Any Exhibits**

The Plaintiffs have moved this Honorable Court to strike exhibits that do not exist. Continental Casualty Company's Memorandum of Law in Support of Motion For Leave to Reply to Plaintiffs' Response to Motion to Dismiss of Defendant Continental Casualty Company Pursuant to Rule 12(b)(1) does not contain any exhibits and, thus, the Plaintiffs' Motion to Strike is rendered moot.[1] By merely checking PACER, the Plaintiffs could confirm this fact.

II.    **Exhibits to Notice of Related Civil Cases By Continental Casualty Company**

The Notice of Related Civil Cases By Continental Casualty Company does contain four exhibits, A through D (hereinafter "the Notice Exhibits"). The Notice Exhibits consist of copies of dockets for three different civil complaints previously filed by the Picciotto plaintiffs and Judge Gertner's Memorandum and Order re: Motion to Dismiss, dated January 31, 2001, dismissing one of the Picciotto plaintiffs' aforementioned prior civil complaints.[2] Mr. Picciotto was informed of this by Continental's counsel before the Plaintiffs' Motion to Strike was filed.

III.    **Conclusion**

Wherefore, Continental Casualty Company respectfully requests this Honorable court deny Plaintiffs' Motion to Strike Exhibits A Through D Attached to Defendant Continental Casualty Company's Memorandum of Law in Support of Motion For Leave

---

[1] This absence of exhibits fits squarely with the Plaintiffs' correct observation that "[n]one of the attached exhibits are referenced in any way in the pleading [Continental] filed with the Court." (Plaintiffs' Motion to Strike at 2).

[2] If these are indeed the exhibits referenced by the Plaintiffs, their basis for asserting that copies of three dockets and an order of Judge Gertner are "impertinent, scandalous, and immaterial, and intended solely to mislead and unfairly prejudice this Court" is not apparent to Continental. (Plaintiffs' Motion to Strike at 1). However, due to the mootness argument described above, Continental will refrain, at this time, from further advocating any of the exhibits it has filed with this Honorable Court against the Plaintiffs' diatribe.

962759v1

to Reply to Plaintiffs' Response to Motion to Dismiss of Defendant Continental Casualty Company Pursuant to Rule 12(b)(1).

        Respectfully submitted,
        Continental Casualty Company

        By its attorneys,

        MORRISON MAHONEY LLP

        /s/ Scott Douglas Burke
        _____
        Scott Douglas Burke~BBO No. 551255
        Michael H. Hayden~BBO No. 660746
        250 Summer Street
        Boston, MA 02210
        (617) 439-7500

962759v1