UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEFANO PICCIOTTO, JUDITH PICCIOTTO, MELITA PICCIOTTO, ATHENA PICCIOTTO, and FOREIGN CENTER, INC., <br> Plaintiffs <br> v. <br> CONTINENTAL CASUALTY COMPANY, GREAT NORTHERN INSURANCE COMPANY, HARTFORD INSURANCE COMPANY and TWIN CITY FIRE INSURANCE COMPANY, <br> Defendants | C.A. No. 05 10901 DPW |

**PLAINTIFFS' RESPONSE TO THE NOTICE OF RELATED CIVIL CASES FILED BY DEFENDANT CONTINENTAL CASUALTY COMPANY**

I.   CONTINENTAL'S NOTICE

Defendant Continental Casualty Company ("Continental") filed a Notice Of Related Civil Cases whereby it purported that there now are two currently open and stayed civil actions in this court in which the claims are related to the claims in this action. Said cases are entitled:

(a)   *Stefano Picciotto, Judith Picciotto, Melita Picciotto, Athena Picciotto, Juan Nunez and Foreign Car Center, Inc v. Jeffrey A. Schreiber, Schreiber and Associates, P.C., and Rich International, Inc.*, No. 00-CV-11506-NG; and

(b)   *Stefano Picciotto, Judith Picciotto and Melita Piccitto v. Albert P. Zabin, Joanne D'Alcomo, Robert V. Costello, Scheider, Reilly, Zabin & Costello, P.C., Michael Gilleran,, Pepe & Hazard, LLP, Gilleran & Mortensen, P.C., Robert Steadman, Mitchell J. Sikora, Jr. and Marc C. Laredo*, No. 00-CV-12421-NG.

In the first of said cases, the plaintiffs pursued claims against one or more of the defendants for (1) breach of fiduciary duty; (2) fraud, (3) interference with civil rights, (4) conspiracy to interfere with civil rights, (5) negligence, and (6) intentional infliction of emotional distress.

In the second of said cases, the plaintiffs pursued claims against one or more of the defendants for (1) interference with civil rights, (2) conspiracy to interfere with civil rights, (3) engagement in racketeering activity, and (4) deprivation of due process.

Although the court, per Gertner, J., entered judgments in said cases against the plaintiffs, the United States Court of Appeals For the First Circuit issued an order on September 7, 2001, whereby it vacated said judgments and remanded the cases with instructions that they be stayed pending final resolution of litigation pending in a Massachusetts action. *See* First Circuit cases No. 01-1277, and 01-1278.

In its said notice, Continental argued that plaintiffs Stefano Picciotto, Judith Picciotto, Melita Picciotto, Athena Picciotto and Foreign Car Center, Inc. ("Plaintiffs") had failed to comply with the requirements of District Court Rule 40.1(G) by not having notified the clerk of the existence of said cases on the local civil category sheet that they filed when they entered this action.

II.  CLAIMS IN THIS ACTION

In this action, Plaintiffs have claimed that Continental and other insurance companies:[1] (a) engaged in a civil conspiracy against Plaintiffs; (b) interfered with contractual relationships between Plaintiffs and others; (c) are liable to Plaintiffs for negligence; (d) are liable to Plaintiffs for fraud and deceit; and (e) engaged in one or

---

[1] None of said defendants is a party to said previously-filed actions.

2

more deceptive acts or practices in the business of insurance in violation of the provisions of Mass. G. L. c. 176D and Mass. G. L. c. 93A. None of said claims corresponds to or arose out of any of the claims that any of Plaintiffs asserted in said previously-filed federal actions.

III.   PLAINTIFFS' POSITION

Plaintiffs' assert that:

(a)   They did not fail to comply with the requirements of said Rule 40.1(G);

(b)   This action is not a related case as defined in said Rule 40.1(G);

(c)   Continental is seeking to cause this action to be assigned to Judge Gertner because it knows that she has acted with hostility to Plaintiffs' claims in the past (her determinations requiring overturning by the First Circuit Court of Appeals); and

(d)   There is no good reason why this action should be reassigned.

IV.   ARGUMENT

A.   *Plaintiffs Did Not Fail To Comply With The Requirements Of District Court Rule 40.1(G).*

District Court Rule 40(G) provides as follows:

(G)   **Related Civil Cases.**

(1)   For purposes of this rule, a civil case is related to one previously filed in this court if some or all of the parties are the same and if one or more of the following similarities exist also: the cases involve the same or similar claims or defenses; or the cases involve the same property, transaction or event; or the cases involve insurance coverage for the same property,

transaction or event; or the cases involve substantially the same questions of fact and law. In addition, two cases, one criminal and one civil, are related if the civil case involves forfeiture of property from a transaction or event which is the subject of a previously filed criminal case, or the civil case seeks enforcement of a restitution order or fine imposed in a previously filed criminal case. This rule shall not apply if more than two (2) years have elapsed since the closing of the previous action.

(2)     If the party filing the initial pleading believes that the case is related to a case already assigned, whether or not the case is then pending, that party shall notify the clerk by notation on the local civil category sheet indicating the title and number of each such earlier case.

(3)     The clerk shall assign related cases to the same judge without regard to the number of other cases in that category previously assigned to that judge. Related cases shall be counted as cases assigned, except as the Chief Judge may otherwise direct.

(4)     The assignment of cases as related by the clerk shall be subject to correction only to the judge to whom they have been assigned, who shall return cases erroneously assigned on that basis to the clerk for reassignment.

(5)     The treatment of a case as not related to another case shall be subject to correction only by the joint decision of the judge to whom it should be assigned, if related to another case. The judges may then transfer the case pursuant to section (I) of this rule, and shall notify the clerk of the reason for the transfer.

As a first matter, subsection (2) of said rule requires that a party filing an initial pleading notify the clerk only of a case that such party *believes* is related to a case already assigned. Plaintiffs did not believe when they filed this case, nor do they believe now, that this case is related to a case previously assigned as said Rule 41(G) has defined the nature of a related case. Plaintiff Stefano Picciotto has filed an affidavit with this

response ("the Picciotto Affidavit") wherein, *inter alia*, he has attested to his belief that this case is not so related.

Secondly, a review of the types of cases that are to be considered as related under said Rule 40.1(G) confirms that this case is not related to any case previously assigned in this court.

Contrary to Continental's claims, this case does not involve:

(1)  The same or similar claims or defenses;

(2)  The same property, transaction or event;

(3)  Insurance coverage for the same property, transaction or event; or

(4)  Substantially the same questions of fact and law.

It is true that some of the parties are the same as in said two prior actions; however, it is only some of Plaintiffs (but not all) who are the same. None of the defendants in this action is a party in said prior actions. Said rule cannot reasonably be interpreted to mean that every suit filed by a plaintiff where there is a pending case in which such plaintiff is a party must be assigned to the judge presiding over the earlier case notwithstanding that the cases are not related as otherwise defined in said rule.

Continental has labored to squeeze the nature of this action into one of the above categories of relatedness; however, its efforts must be regarded as ineffective. As Plaintiffs have pointed out in their opposition to Continental's motion to dismiss the amended complaint, a filing in which Continental previously tried to mislead the court as to the nature of this action (and the proper interpretation of 28 U.S.C. § 1332(c)), Plaintiffs have sued Continental and the other defendants herein for their own alleged

wrongful acts and not alleged wrongful acts of those whom they have insured.[2]
Furthermore, none of the defendants in said prior actions is, as far as Plaintiffs are aware, an insured of Continental or the other defendants herein. Therefore, we here have an action in which: (a) none of the defendant insurance companies is a party to the previously-filed actions, (b) none of the insureds of said insurance companies is a party in said actions; and (c) the insurance companies are being sued for their own alleged wrongful actions, not any actions of their insureds. The circumstances do not support a claim that this action is "related" to said prior actions as defined in said Rule 40.1(G).

      B.     *Continental Appears To Be Seeking Advantage By Attempting To Cause This Action To Be Reassigned To Judge Gertner, Whom At Least One Of Plaintiffs Has Claimed Holds Bias.*

As has been stated by plaintiff Stefano Picciotto in the Picciotto Affidavit filed herewith: (a) Judge Gertner entered judgments against the plaintiffs in said previously-filed actions (which judgments were reversed by the First Circuit Court of Appeals), and (b) he believes that Judge Gertner is biased against him and should have recused herself in said actions because of a social relationship that she has with one of the defendants therein.

It appears that Continental is angling to have this case assigned to Judge Gertner because it believes that it would fare better (or Plaintiffs would fare worse) if the case were presided over by her. Continental could not be reasonably maintaining that Judge

---

[2] Continental cannot in good faith have claimed as it has that ". . . the instant case involves similar claims, involves the same events, involves insurance coverage for the same events, and involves substantially the same questions of fact as the Related Picciotto cases. . . ." *See* the Notice Of Related Civil Cases By Continental Casualty Company at 2-3.

Gertner is better situated to preside over this case because more than four years ago she presided over cases that involved some of the same plaintiffs.

Without having do deal with the issue of alleged bias, the court should perceive that there is no good reason why this case should be reassigned to Judge Gertner and that there is no reason why the case cannot appropriately and efficiently be adjudicated under the current assignment.

V.      CONCLUSION

The court should determine that Plaintiffs committed no error by not having described this case as being related to the two previously-filed cases when they filed this case; and the court should hold that there is no good reason for reassigning this case to Judge Gertner or another judge.

STEFANO PICCIOTTO

Pro Se

Stefano Picciotto
418 Lafayette Street
Salem, MA 01970
(978) 741-0218

JUDITH PICCIOTTO
Pro Se

*Judith Picciotto* (signature)

Judith Picciotto
4118 Lafayette Street
Salem, MA 01970
(978) 741-0218

FOREIGN CAR CENTER, INC..

By its attorney,

*James M. Shannon* (signature)

James M. Shannon
BBO No. 453610
418 Rear Lafayette Street
Salem, MA 01970

MELITA PICCIOTTO and
ATHENA PICCIOTTO

By their attorney,

*Danielle deBenedictis /s/* (signature)

Danielle deBenedicitis
BBO No. 117440
deBenedicitis, Miller & Blum, P.A.
67 Commercial Wharf
Boston, MA 02110
(617) 367-8585

Dated: September 21, 2005.

CERTIFICATE OF SERVICE

I, Stefano Picciotto, hereby certify that on this day I served the foregoing document by sending a copy thereof by first class mail, postage prepaid, or in hand to all attorneys and pro se parties of record.

Signed this 21 day of September 2005.

*Stefano Picciotto* (signature)

Stefano Picciotto