UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEFANO PICCIOTTO, JUDITH PICCIOTTTO, MELITA PICCIOTTO, ATHENA PICCIOTTO and FOREIGN CAR CENTER, INC.,<br><br>        Plaintiffs,<br><br>v.<br><br>CONTINENTAL CASUALTY COMPANY, GREAT NORTHERN INSURANCE COMPANY, HARTFORD INSURANCE COMPANY and TWIN CITY FIRE INSURANCE COMPANY,<br><br>        Defendants. | CIVIL ACTION NO. 05-cv-10901 NG |

## HARTFORD INSURANCE COMPANY[1] AND TWIN CITY INSURANCE COMPANY'S MOTION TO DISMISS

Hartford Insurance Company and Twin City Insurance Company hereby move to dismiss the claims asserted against them in the Plaintiffs' Amended Complaint.  The Amended Complaint should be dismissed for three separate and distinct reasons.  First, pursuant to Fed. R. Civ. P. 19, this mater should be dismissed because attorney Dana Casher is an indispensable party who cannot be joined as a party to this action without destroying diversity jurisdiction.  Second, this matter should be dismissed under the abstention doctrine because there is a prior action pending in Massachusetts Superior Court involving the same underlying facts.  Third, as argued in the motion to dismiss previously filed by co-defendant Continental Casualty Company, there is no diversity jurisdiction because attorney Casher's alleged insurers are considered

---

[1] As set forth in greater detail in the accompanying memorandum of law in support of this motion, "Hartford Insurance Company" is a non-existent entity.  The actual name of the entity the plaintiffs likely intend to name as a defendant is "The Hartford Financial Services Group, Inc."("Hartford"), which is the parent of "Twin City Fire Insurance Company".  There is no legal entity entitled Hartford Insurance Company.

residents of Massachusetts pursuant to 28 U. S. C. 1332(c ).  For these three jurisdictional reasons, which are addressed in depth in the accompanying memorandum of law in support of this motion, this matter should not go forward in federal court.  Accordingly, defendants respectfully request that the Picciotto's Amended Complaint be dismissed.  Should the Court decide not to dismiss the action in its entirety, "Hartford Insurance Company" should be dismissed as a defendant because it is not a legal entity.  This issue is also addressed in the accompanying memorandum of law.  In addition to the accompanying memorandum of law, the defendants also submit the Affidavit of attorney Dana Casher.

    Respectfully submitted,

    HARTFORD INSURANCE COMPANY
    and TWIN CITY FIRE INSURANCE
    COMPANY

    By its attorneys,

    /s/ Timothy O. Egan
    Harvey Weiner, BBO # 519840
    Timothy O. Egan, BBO # 637992
    PEABODY & ARNOLD LLP
    30 Rowes Wharf
    Boston, MA 02110-3342
    (617) 951-2100

DATE:  October 17, 2005

## CERTIFICATE OF SERVICE

    I, Timothy O. Egan, hereby certify that a true copy of the above document was served upon the plaintiffs and attorney of record for each other party not identified on the Notice of Electronic Filing as an electronic recipient by mail on October 17, 2005.

    /s/ Timothy O. Egan
    Timothy O. Egan

## LOCAL RULE 7.1(A)(2) CERTIFICATION

     I, Timothy O. Egan, hereby certify that pursuant to Local Rule 7.1(a)(2), on October 13, 2005 I conferred in good faith by telephone with Stefano Picciotto but was unable to reach any agreement that would obviate the need for this motion or narrow the issues presented herein.

                              /s/ Timothy O. Egan
                              Timothy O. Egan

624567