UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

2006 JAN -5 P 4: 23

DISTRICT COURT
DISTRICT OF MASS.

```
STEFANO PICCIOTTO, JUDITH          )
PICCIOTTO, MELITA PICCIOTTO,       )
ATHENA PICCIOTTO, and FOREIGN      )
CENTER, INC.,                      )
           Plaintiffs              )
      v.                           )   C.A. No. 05 10901 NG
CONTINENTAL CASUALTY               )
COMPANY, GREAT NORTHERN            )
INSURANCE COMPANY, HARTFORD        )
INSURANCE COMPANY and TWIN         )
CITY FIRE INSURANCE COMPANY,       )
           Defendants              )
                                   )
```

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR OPPOSITION TO THE MOTION OF DEFENDANTS HARTFORD INSURANCE COMPANY AND TWIN CITY INSURANCE COMPANY FOR LEAVE TO FILE A REPLY MEMORANDUM**

I.  NATURE OF THE MOTION TO DISMISS OF DEFENDANTS HARTFORD AND TWIN CITY

Hartford Insurance Company and Twin City Insurance Company ("defendants") moved to dismiss the amended complaint on the grounds that:

1. An attorney by the name of Dana Casher is a necessary and indispensable party, and her joinder would defeat diversity jurisdiction;

2. There is a prior action pending in the Massachusetts Superior Court that involves the same underlying facts, thereby calling into play the abstention doctrine; and

    3.    Under 28 U.S.C. § 1332(c)(1), defendants should be regarded as citizens of Massachusetts, and, therefore, there is no diversity jurisdiction.[1]

## II. DEFENDANTS' INITIAL POSTION WITH REGARD TO DIVERSITY JURISDICTION

In their initial memorandum in support of their motion to dismiss ("defendants' initial memorandum"), defendants took the position with respect to the issue of diversity jurisdiction that:

    1.    Dana Casher, a citizen of Massachusetts, is an indispensable party; and her joinder as a party would defeat diversity jurisdiction; and

    2.    Under 28 U.S.C. § 1332(c)(1), defendants themselves should be regarded as citizens of Massachusetts, and, therefore, there is no diversity jurisdiction.

Defendants in their initial memorandum presented only three sentences in support of the first of such contentions:

    1.    . . .[T]his court lacks diversity jurisdiction because, pursuant to Fed. R. Civ. P. 19, Dana Casher is a "necessary" party to this action who must be joined and she is an "indispensable party" because her presence as a defendant would destroy complete diversity and necessitate dismissal and/or remand to state court.[2]

    2.    In Casher's absence, this lawsuit must be dismissed because Casher is both a "necessary" and an "indispensable" party as defined by Rule 19.[3]

---

[1]    The Court already has dealt with this issue through its ruling, when denying the motion to dismiss of defendant Continental Insurance Company, that 28 U.S.C. § 1332(c)(1) does not apply in this action.

[2]    Hartford Insurance Company And Twin City Insurance Company's Memorandum In Support Of Their Motion To Dismiss ("Defendants' initial memorandum") at 2.

[3]    Defendants' initial memorandum at 7.

    3.     Although Attorney Casher is a necessary party, the case cannot go forward with her in federal court because she is a Massachusetts resident and her presence in the case would destroy diversity.[4]

Defendants did not address at all the provisions of 28 U.S.C. § 1367, which allow a citizen of the same state as a plaintiff in a federal action to be joined as a defendant (but not a plaintiff) under Rule 19 without destroying diversity jurisdiction.

As has been stated *supra* at footnote 1, the second of defendants' prior contentions with respect to diversity jurisdiction has been resolved against defendants by reason of the Court's ruling, in denying the motion to dismiss of defendants Continental Insurance Company, that the provisions of 28 U.S.C. 1332(c)(1) do not here apply.

III.    DEFENDANTS' CURRENT POSITION WITH REGARD TO DIVERSITY JURISDICTION

Defendants now assert that the provisions of 28 U.S.C. 1367 do not apply in this action as a matter of law. *See* Hartford Insurance Company and Twin City Insurance Company's [Proposed] Reply Memorandum In Support Of Their Motion To Dismiss ("defendants' second memorandum") at 4-6.

---

[4]    Defendants' initial memorandum at 13.

IV.     DEFENDANTS' RESTATEMENT OF THEIR POSITION THAT PLAINTIFFS HAVE PURSUED CLAIMS IN A MASSACHUSETTS COURT THAT ARE BASED UPON MANY OF THE FACTS THAT HAVE BEEN PLEADED IN THIS ACTION

Defendants have continued to assert that the claims in this action are based upon facts that have been pleaded in state court actions against other parties. Defendants' second memorandum at 2-4. In doing so, defendants have continued to be inconsistent in their contentions as to the degree of similarity of such facts.

Defendants have made the following inconsistent contentions:

1. As grounds for their motion to dismiss, the defendants point out that the Picciottos have already asserted the *exact same factual allegations* against Casher and others in series of lawsuits consolidated in Massachusetts Superior Court. (Emphasis added.)

    Defendants' second memorandum at 2.

2. In fact, the Picciottos' amended complaint in this case is *nearly identical* to the amended complaint filed in the pending state court lawsuit against Casher. (Emphasis added.)

    *Id.*

3. The Picciottos' amended complaint in that case is *almost identical* to the amended complaint filed in this case. (Emphasis added.)

    *Id.*

4. Of the 206 factual allegations contained in the Amended Complaint filed in this case, *at least 150 are identical or nearly identical* to allegations made in the Casher lawsuit. (Emphasis added.)

    *Id.* at 2-3.

Defendants have fixated upon the amount of similar facts that have been pleaded in the state court actions and this action without addressing sufficiently why similar facts cannot support different causes of action against different parties. *See infra* at 12.

V.   ARGUMENT

   A.   <u>Defendants Are Wrong In Contending That 28 U.S.C. § 1367 Does Not Allow The Joinder Under Rule 19 Of A Party As A Defendant Having The Same Citizenship As A Plaintiff Without Destroying Original Diversity Jurisdiction.</u>

Defendants have acknowledged that supplemental jurisdiction is available in any civil action of which the district court has original jurisdiction. Defendants' second memorandum at 5. However, defendants have contended that 28 U.S.C. § 1367 does not here apply because it does not allow one such as Dana Casher, a Massachusetts resident, to be added as a party without destroying the Court's original jurisdiction that exists with respect to those who are currently parties in this action. *See* defendants' second memorandum at 4-6.

There should be no dispute over the fact that the plaintiffs are citizens of Massachusetts and that all of the defendants herein are citizens of another state. *See* the amended complaint at 1-2 where such facts are pleaded.[5] Therefore, the Court quite definitely possesses diversity jurisdiction over the current parties under the provisions of 28 U.S.C. § 1332. The cases that defendants have cited in support of their

---

[5]   In ruling on a motion to dismiss for lack of jurisdiction, the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of plaintiff. *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996).

contention that such diversity jurisdiction would be destroyed if Dana Casher were added as a defendant under Rule 19 do not in fact offer support therefor.

In the case of *Ortega v. Star-Kist Foods, Inc.*, 370 F.3d 124 (1st Cir. 2004), which defendants have cited in their second memorandum at 5, the court held that supplemental jurisdiction under 28 U.S.C § 1367 was not available to some of the plaintiffs therein because their claims did not satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332 that would allow original jurisdiction with respect to them. *See* 370 F.3d at 131-144. The court held that, in order for supplemental jurisdiction under 28 U.S.C. § 1367 to apply, a district court must have original jurisdiction with respect to all of the initial parties to a suit. *See* 370 F.3d at 135-136. That is the case here. Plaintiffs are citizens of Massachusetts, and all of the defendants are citizens of other states. Therefore, the *Ortega* case does not support defendants' position that the Court does not have diversity jurisdiction with respect to the current parties if it should be deemed necessary to add Dana Casher as an "indispensable" party under Rule 19.

Defendants' confusion with regard to the holding in the *Ortega* case arises from the fact that the court held therein that § 1337 does not afford supplemental jurisdiction in a case where originally there is diversity jurisdiction, but the plaintiff thereafter amends his or her complaint to add a nondiverse party. *See* 370 F.3d at 136-137. That is not allowed because a plaintiff will not be permitted to circumvent the need for diversity jurisdiction by filing a suit where there is diversity of parties and then adding a nondiverse party to the action. *See id.* However, plaintiffs are not seeking to join a nondiverse party; it is defendants who are seeking to add a nondiverse party under Rule 19 with the hope that such would destroy the Court's jurisdiction. Under § 1367, if a

6

nondiverse party is joined as a defendant by reason of Rule 19 (among other rules) in an action having original diversity jurisdiction, then the court continues to have jurisdiction, although the plaintiff may not assert a claim against such joined defendant. *See* said § 1367 and Plaintiffs' Memorandum In Support Of Their Opposition To The Motion To Dismiss Of Defendants The Hartford Insurance Company And Twin City Insurance Company ("plaintiffs' first memorandum") at 8. An understanding that § 1367 was intended to allow a nondiverse party to be added as a defendant under Rule 19 in a case in which the court has diversity jurisdiction with respect to the original parties, but preclude a plaintiff from joining a nondiverse party and thereby destroy the original jurisdiction, is crucial for it to be comprehended that, if the Court should add Dana Casher as a defendant under Rule 19, the Court would continue to have jurisdiction with regard to the issues herein. *See* plaintiffs' first memorandum at 8-10. *See also* Thomas Rowe, Stephen Burbank & Thomas Mengler, *Compounding Confusion and Hampering Diversity? A Reply to Professor Freer*, 40 Emory L.J. 943, 955-959 and 966-978 (1991).

In the case of *ZB Holdings, Inc. v. White,* 144 F.R.D. 42 (S.D.N.Y. 1992), also cited by defendants, in their second memorandum at 6, the court held that § 1367 did not allow for supplemental jurisdiction therein because the court did not have jurisdiction with respect to the original parties. The court held that it understood "original jurisdiction" to mean jurisdiction in the first instance over a viable lawsuit, without regard to parties to be joined later. 144 F.R.D. at 47. That is consistent with the Court's having original jurisdiction over the current parties in this action. The court held in the *ZB Holdings* case that there was no original viable jurisdiction therein because the plaintiff corporation had purported to bring a derivative action on behalf of another

corporation without joining the other corporation as a party; and, because the plaintiff, by reason of hostility between it and the management of the other corporation, should have named such corporation as a defendant and both corporations were organized in the same state, there was no original diversity jurisdiction. That is a situation quite different from the situation in this action; and, accordingly, the *ZB Holdings* case is inapposite to the issues that are involved herein.

      B.      <u>Defendants Are Incorrect In Asserting That The Issues Are Such That The Court Should Decline To Exercise Supplemental Jurisdiction Under 28 U.S.C. § 1367.</u>

Defendants have pointed out that, in the case of *Vera-Lozano v. International Broadcasting*, 50 F.3d 67, 70 (1st Cir. 1995), the court held that the decision as to whether to exercise supplemental jurisdiction is left to the broad discretion of the district court. *See* defendants' second memorandum at 6. However, such discretion pertains to the issue of whether a plaintiff's state claim substantially predominates over the claim or claims over which a federal district court has original jurisdiction or a claim raises a novel or complex issue of state law. *See* 50 F.3d at 70 and 28 U.S.C § 3567(c)(1,2). That is not the circumstance that exists in this action as it was in said *Vera-Lozano* case. In the case of *Pennobscot Indian Nation v. Key Bank of Maine*, 112 F.3d 538 (1st Cir. 1997), also cited by defendants in their second memorandum, at 7, the court reaffirmed such discretion; however, it remanded the case to the district court with the direction that such court could hear the remaining state law claims even though the sole federal claim conferring original jurisdiction pursuant had been eliminated. *See* 112 F.3d at 564. The

court in the *Pennobscot* case, citing the case of *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 256-57 (1st Cir. 1996), stated that:

> "In a federal question case, the termination of the foundational federal claim does not divest the district court of power to exercise supplemental jurisdiction, but, rather, sets the stage for an exercise of the court's informed discretion." [Citation omitted.] As the *Roche* court pointed out, "the trial court must take into account concerns of comity, judicial economy, convenience, fairness, and the like" in making this decision. *Id* at 257. This determination necessitates an evaluation of the facts peculiar to each case.

112 F.3d at 564.

In the case of *Rodriguez v. Doral Mortg.Corp.*, 57 F.3d 1168 (1st Cir. 1995), also cited by defendants in their second memorandum, at 7, the plaintiff brought a suit for sexual harassment against her employer under Title VII and under Puerto Rico law. The court held that the district court possessed supplemental jurisdiction after having dismissed the plaintiff's federal claims; however, on remand the district court should consider whether to dismiss without prejudice the plaintiff's supplemental state-law claims in light of its having dismissed such federal claim. *See* 57 F.3d at 1177. Defendants have cited this case in support of their position that, if there is no valid federal claim at the commencement of an action or soon thereafter, the case should be dismissed if all that remains are supplemental state law claims. *See* defendants' second memorandum at 7.

However, although there is not any federal claim in this action, there is a basis for federal resolution of the issues, since the diversity of the original parties to the action presents a specifically-recognized reason for the Court to decide the issues herein; and, under 28 U.S.C. 28 1367, a defendant could be added under Rule 19 without destroying

9

such diversity jurisdiction. This is not a case such as the *Rodriguez* case where a federal court could hold that there is no reason under federal law why it should continue to maintain its jurisdiction with respect thereto. Even though the district court had the power to make such determination in the *Rodriguez* case, the Appeals Court held that such court continued to have jurisdiction over the issues should it decide to hear the case in the exercise of its informed discretion.

The court further pointed out in the *Rodriguez* case that a salient factor to be evaluated by a district court when considering whether to retain supplementary jurisdiction (among "the wide variety of considerations") is whether the statute of limitations on a pendant claim would preclude the filing of a separate suit as to such claim in state court. *See* 57 F.3d at 1177. Plaintiff Stefano Picciotto has attested via affidavit that, should this action be dismissed, the statute of limitations could bar him (and presumably the other plaintiffs) from refiling claims against defendants. *See* Paragraph 30 of the Affidavit Of Stefano Picciotto In Support Of Opposition To Hartford Insurance Company's And Twin City Fire Insurance Company's Motion To Dismiss ("the Picciotto affidavit"), previously filed. Moreover, Krulewich, Casher, P.C. and Continental Casualty Company have moved that the Massachusetts Superior Court enjoin Stefano Picciotto from filing any lawsuits against any entities that are not already parties to the Massachusetts actions. *See* Paragraphs 31 and 32 of the Picciotto affidavit and attachments L and M thereto. If such an injunction should issue, plaintiffs would have no forum other than this Court for pursuit of their claims against defendants.

The Court should not surrender its jurisdiction over this action for the same reasons that plaintiffs stated in their first memorandum with respect to the issue of

whether the Court should invoke the abstention doctrine and thereby decline to accept jurisdiction in favor of a pending state court case. *See* plaintiffs' first memorandum at 16-28. In their second memorandum, defendants have repeated their assertion that the abstention doctrine originally set forth in the case of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) should be applied by the Court. Plaintiffs discussed such doctrine at length in their initial brief, at 16-28.

There should be no need for plaintiffs to restate here what they have stated in their said earlier memorandum. Plaintiffs believe it should be sufficient for them to cite again the case of *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d, 1, 3 (1st Cir. 1998), where the court, in considering the abstention doctrine, stated that, "[W]hether wise or not, the lesson of the abstention cases is, of course, that federal jurisdiction should be asserted almost all the time."

    C.    <u>Contrary To Defendants' Contentions, The Claims Asserted By Plaintiffs Against Defendants Are Not Virtually Identical To The Claims Made Against Dana Casher In Pending Actions In The Massachusetts Superior Court</u>.

Defendants have repeated in their second memorandum the contention that they made in their initial memorandum, *i.e.*, that plaintiffs previously asserted the same factual allegations that are set forth in the amended complaint herein in suits against Dana Casher and others in cases consolidated in the Massachusetts Superior Court. *See* defendants' second memorandum at 2-3. Plaintiffs denied this in their first memorandum. *See* plaintiffs' first memorandum at 4-6. However, defendants claim that, in making such denial, plaintiffs failed to mention the amended complaint that they filed

11

in the case against Ms. Casher and others entitled *Picciotto, et al v. Casher, et al*, Essex Superior Court No. 2004-02340-A. *See* defendants' second memorandum at 2.

An examination of the amended complaints filed in said action No. 2004-02340-A and this action, copies of which are attached to defendants' second memorandum as Exhibit A and Exhibit B respectively, will allow the Court to determine that, while many of the facts set forth therein are similar or identical, a significant number of them are not; and, in any event, the relevant issue with respect to whether this action constitutes a restated version of said actions is whether each of the actions pursues identical claims, which they do not. It should not require argument to establish the undeniable fact that a person may pursue different causes of action against different persons based upon the same or similar facts.

In said action No. 2004-02340-A, plaintiffs asserted claims against Dana Casher and other attorneys alleged to have been associated with her in the same firm or office (Leonard Krulewich and Helen Krulewich) for breach of contract (including breach of the implied covenant of good faith and fair dealing), negligence, breach of fiduciary duty, conversion, civil conspiracy (among Carole Bergeron, Juan Nunez, Dana Casher, Leonard Krulewich and Helen Krulewich), fraud or deceit, interference or attempted interference with plaintiffs' civil rights, intentional or negligent infliction of emotional distress, interference with contractual relationships; and violations of Mass. G. L. c. 93A. In none of the counts of the amended complaint filed in said action did plaintiffs state or imply in any way that any of such purported wrongful acts had been undertaken by or in concert with any of the defendants in this action.

In this action, in contrast to the earlier state actions filed against other persons, plaintiffs have claimed that defendants, by their own actions and not vicariously through actions of Dana Casher or any of the other parties in said state actions, are liable to plaintiffs for civil conspiracy (among themselves), interference with contractual relations (by themselves), negligence (by themselves), fraud/deceit (by themselves), and violations of Mass. G. L. c. 176D and G. L. c. 93A (by themselves). Plaintiffs have not sought any relief in this action that duplicates the relief that they sought in the previous state actions against other persons. Indeed, in this action, plaintiffs are pursuing claims for conduct that only subsequent to the filing of said state actions they came to appreciate had been undertaken in order to frustrate their earlier efforts to benefit to the extent appropriate from the settlement amount of $9,000,000 that Travelers Indemnity Company had agreed to pay to them and others. The essence of plaintiffs' claims against defendants is that they, by their independent actions and not via a common scheme or a coordinated effort with any persons that they insured, caused certain kinds of harm to plaintiffs.

D. <u>Defendants Should Be Barred Under The Doctrine Of Judicial Estoppel, From Now Claiming That The Claims Asserted Against Them In This Action Are Related To The Claims Asserted Against Their Insured In Said State Actions</u>.

As has been set forth in Paragraphs 33-35 of the Picciotto affidavit and attachment N thereto, in the state consolidated action, Twin City filed a motion to quash a subpoena that had been served upon it calling for production of documents. The court there ruled, undoubtedly by reason of Twin City's contentions therein, that even the nonprivileged documents of Twin City that had been subpoenaed need not be produced

because the documents sought were irrelevant to the issues involved therein. *See* said attachment N.

Defendants now are contending herein that the claims against them are indeed relevant to the issues in said state action; actually that they constitute a restatement of such claims. *See* defendants' initial memorandum at 2 ("[T]he present action is duplicative of prior and pending parallel litigation brought by the Picciottos in Massachusetts Superior Court alleging the same operative facts and circumstances as the case at bar."), and their second memorandum at 2 ("[T]he Picciottos have already asserted the exact same factual allegations against Casher and others in a series of lawsuits consolidated in Massachusetts Superior Court.").

The doctrine of judicial estoppel takes effect when the proponent has shown that the party to be estopped "succeeded previously with a position directly inconsistent with the one [it] currently espouses. *In re Bankvest Capital Corp.*, 375 F.3d 41 (1st Cir. 2004), citing *Lydon v. Boston Sand & Gravel Co.*, 175 F.3d 6, 13 (1st Cir. 1999). *See also Intergen N.V v. Grina*, 344 F.3d 134, 144 (1st Cir. 2003) and *Pegram v. Herdrich*, 530 U.S. 211, 227 n.9, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000). As a general matter, the doctrine prevents a litigant from pressing a claim that is inconsistent with a position taken by the litigant either in a prior legal proceeding or in an earlier phase of the same legal proceeding. *See Intergen,N.V. supra*, at 144. The doctrine is designed to ensure that parties proceed in a fair and aboveboard manner, without making improper use of the court system. *New Hampshire v. Maine*, 532 U.S. 742, 749-750, 121 S.Ct. 1808, 149 L.ED.2d 968 (2001). It is a judge-made doctrine designed to prevent a party who plays fast and loose with the courts from gaining unfair advantage through the deliberate

adoption of inconsistent positions in successive suits. *Casas Office Machines, Inc. v. Mita Copystar America, Inc., et al*, 42 F.3d 668, 676 (1st Cir. 1994).

      Though the First Circuit has described the requirements for the application of judicial estoppel as "hazy," "rather vague," and fact-specific, it has held that at least two conditions must be met. *Howell v. Town of Leyden*, 334 F.Supp.2d 448 (D. Mass. 2004), citing *Alternative Sys. Concepts, Inc. v. Synopsys, Inc*, 374 F.3d 23, 33 (1st Cir. 2004), and *Patriot Cinemas Inc. v. General Cinema Corp.*, 834 F.2d 208, 212 (1st Cir. 1987). *See also Fieldwork Boston, Inc. v. United States*, 344 F.Supp.2d 247 (D.Mass. 2004). First, the legal or factual assertion advanced in the earlier judicial proceeding must be "directly inconsistent" with the assertion in the current forum. *Alternative Sys Concepts, supra* at 33 (stating that the positions must be "mutually exclusive"), and *Gens v. Resolution Trust Corp*, 112 F.3d 569, 572 (1st Cir. 1997) (stating that the positions must be "at odds" with one another). *Howell v. Town of Leyden, supra.* Second, the court must have accepted or adopted the assertion made at the earlier proceeding. *Id.*, citing *Alternative Sys. Concepts, supra*, at 33. If these two elements are present, then the potential exists that the integrity of the judicial process will be endangered by inconsistent determinations applying to the court by the party asserting the contrary positions. *Howell v. Town of Leyden, supra.*

      In determining whether the party "succeeded" in a prior proceeding, a court looks to whether the prior forum "accepted the legal or factual assertion alleged to be at odds with the position advance in the current forum . . . ." *In re Bankvest Captial Corp., supra*, citing *Gens v. Resolution Trust Corp. (In re Gens)*, 112 F.3d 569, 572-573 (1st Cir. 1997).

Twin City asserted a position in the state consolidated action that is at odds with the position that it and its co-defendant Hartford Insurance Company have asserted herein; and such prior assertion succeeded in precluding plaintiffs from obtaining discovery from Twin City and the other sister company, First State Management Group. The law firm that successfully argued on behalf of Twin City and First sSate in state court is the firm of Peabody and Arnold. Hartford is also a sister company of Twin City, and is represented in this litigation by the firm of Peabody and Arnold. Therefore the defendants Twin City and Hartford should be estopped from maintaining in this action that the issues involved herein are relevant to or duplicative of those in said state action. Hartford should be left as a defendant in this suit if Twin City is[6] (and Continental Insurance Company and Great Northern Insurance Company are).

V.   CONCLUSION

For the reasons stated above, and the reasons stated in plaintiffs' first memorandum, defendants' instant motion and their motion to dismiss should be denied.

STEFANO PICCIOTTO
Pro Se

*[signature]*
Stefano Picciotto
418 Lafayette Street
Salem, MA 01970
(978) 741-0218

---

[6] A motion for leave to correct the clerical error, and amend the name of the defendant Hartford Insurance Company to Hartford Accident and Indemnity Company, is being filed herewith.

JUDITH PICCIOTTO
Pro Se

*/s/ Judith Picciotto*

418 Lafayette Street
Salem, MA 01970
(978) 741-0218


MELITA PICCIOTTO and
ATHENA PICCIOTTO

By their attorney,

/s/ Danielle deBenedictis

Danielle deBenedictis
BBO No. 117440
deBenedictis, Miller & Blum, P.A.
67 Commercial Wharf
Boston, MA 02110
(617) 367-8585

FOREIGN CAR CENTER, INC.

By its attorney,

_____
James M. Shannon, Jr.
BBO No. 453610
418 Rear Lafayette Street
Salem, MA 01970
(978) 741-0218


Dated: January 5, 2006

## CERTIFICATE OF SERVICE

I hereby certify that, on this 5th day of January, 2006, I served a copy of the foregoing document upon all pro se parties and counsel of record by sending each such copy by first class mail, postage prepaid.

_____
Stefano Picciotto

17